## DOBBS v. REES.

No. 2958.   Decided February 10, 1917.   (163 Pac. 255.)

PLEADING—LEAVE OF COURT—AMENDMENT TO CONFORM TO EVIDENCE.
Under Comp. Laws 1907, Section 3001, providing that no var-
iance shall be material unless prejudicial to the adverse party,
and in view of Section 2918, providing that persons severably
liable may, all or any of them, be included in the same action
at the option of plaintiff, in an action on a judgment, wherein
the complaint alleged that the judgment was rendered against
defendant and the proof showed that it was rendered against
defendant and another, the court should have permitted the
complaint to be amended to comply with the proof; it appearing
that defendant's rights would not be prejudiced thereby.

Appeal from District Court, Second District; *Hon. N. J. Harris,* Judge.

Action by S. P. Robinson against D. J. Rees.

From judgment for defendant plaintiff appealed, and thereafter dying, Stuart P. Dobbs, as administrator of his estate, prosecuted the appeal by substitution.

REVERSED.

*Skeen & Skeen* for appellant.

*Geo. Halverson* and *A. E. Pratt* for respondent.

CORFMAN, J.

This was an action brought by S. P. Robinson, during his lifetime, upon a judgment alleged to have been rendered in the district court of the fifth judicial district for Oneida county, State of Idaho, in favor of S. P. Robinson and against the defendant and appellant, D. J. Rees. Since the appeal was taken to this court, S. P. Robinson died, and by substitution the appeal is being prosecuted by Stuart P. Dobbs as the administrator of the estate of the said S. P. Robinson, deceased.

Substantially the complaint sets forth that the said district

court for Oneida county is a court of general jurisdiction; that on or about the 10th day of June, 1914, the said action was commenced in said court; that thereupon summons duly issued out of said court, and that due personal service was had upon the defendant D. J. Rees; that the said defendant failed to appear either in person or by attorney within the time required by said summons and the law of said state, and thereupon the default of the defendant D. J. Rees was duly and regularly entered by said court; that upon such default said court, on the 14th day of December, 1914, rendered judgment in favor of the plaintiff and against the defendant for the sum of $1,167; and that no part of said judgment has ever been paid. The prayer of plaintiff's complaint was for the amount of this judgment, interest and costs of suit.

The defendant's answer denies generally all the material allegations of the complaint, with the exception that it is admitted therein by the defendant that he has not paid the. alleged judgment sued upon, and that he did not appear, either in person or by attorney, in the action in which judgment was obtained against him.

At the trial of the cause the plaintiff offered in evidence a certified copy of the entire record of the Idaho court, certified to by the clerk of said court, and the judge thereof as well. The offer was objected to by defendant upon various grounds, but the only ground that is material here, and upon which the court rejected the evidence is:

"That there is a fatal variance between the allegations of the complaint in this action and the offered proof, in that a judgment is pleaded in the amended complaint rendered in an action wherein the plaintiff in this action was plaintiff in such action and D. J. Rees was defendant in·such action, and the offered proof shows that the action pleaded or attempted to be pleaded was one S. P. Robinson, the plaintiff in this action, against D. J. Rees and others, against whom a judgment was attempted to be given of a joint and several character."

Upon this ruling being made by the court, the plaintiff then asked leave to amend his complaint so that the same would, in this respect, conform to the evidence that had been offered

by plaintiff, which application and offer to amend on the part of the plaintiff was denied, and the court thereupon made its findings of fact, conclusions of law, and entered up its decree in favor of the defendant and against the plaintiff, ordering that plaintiff's action be dismissed with costs to defendant.

The plaintiff duly excepted to the findings of fact, conclusions of law and the entry of judgment, and the order of the court dismissing his action; and his legal representative brings the case here for review assigning as error the rulings of the court thus made.

The record in this case shows clearly that the transcript of the judgment of the Idaho court, offered in evidence by the plaintiff, was of a judgment in which the defendant D. J. Rees was severally liable for its payment to the plaintiff.

Comp. Laws 1907, section 2918, provides:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and sureties on the same or separate instruments, may all, or any of them, be included in the same action, at the option of the plaintiff."

The plaintiff's complaint alleged:

"That on the 14th day of December, 1914, a judgment was duly given and made by said court in favor of the plaintiff and against the defendant D. J. Rees, for the sum of $1,167; that no part of the said judgment has been paid."

The proof offered by the plaintiff, in presenting the transcript of the judgment of the Idaho court, it is true, stated the liability of the defendant in different language, to our minds, not materially different or less certain and effective, so far as the issue between the plaintiff and defendant was involved, but certainly and substantially the same, by saying to the court:

"It is hereby ordered, adjudged and decreed that plaintiff do have and recover against each of the defendants D. J. Rees and Carl D. Booker judgment."

Assuming that there is a variance between the allegations of the plaintiff's complaint and the proof thus offered, can it then be consistently contended that the plaintiff's application to amend should be denied when the effect of such amend-

ment would tend to establish no other obligation or liability on the part of the defendant to the plaintiff than that for which judgment is prayed for in the complaint?

Comp. Laws 1907, section 3001, expressly provides:

"No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that a party has been so misled, the court may order the pleading to be amended, upon such terms as may be just."

No contention is made by defendant and respondent that he was misled to his prejudice in maintaining his defense upon the merits, nor can we conceive how respondent could consistently make any claim in this case that he was misled or in any manner prejudiced by plaintiff's offer of the transcript of judgment of the Idaho court. On the contrary, this court is of the opinion that the offer was a proper one, clearly tending to prove the issue between the plaintiff and the defendant as presented by the pleadings of the respective parties in the case. Therefore, with the present state of the pleadings, we are of the opinion the plaintiff is entitled to judgment as prayed for in his complaint.

The judgment of the lower court is reversed, with costs to appellant.

FRICK, C. J., and McCARTY, J., concur.